Plis Honor, EMILE GODCHAUX,
rendered the opinion and decree of the Court, as follows:
This is a suit by which relator, who sets up his appointment by the Governor as police juror of Ward 9 of-the Parish of Jefferson, seeks by a writ of mandamus to compel the District Attorney to institute an intrusion into •office proceeding under Act 158 of 1868 against one St. Martin, .on the ground that the latter is unlawfully holding, exercising and usurping said office.
The trial Court, after hearing, made peremptory the alternative writ of mandamus that had been issued, and the District Attorney now appeals.
We .are of opinion that the judgment is erroneous and should be set aside for the reason that the case presented is not .one wherein relief by mandamus should be granted.
Mandamus will not lie where there exists .another adequate remedy, and in the present instance this is afforded by the writ of quo warranto under 'C. P., 868, which provides that the writ of quo warranto is intended for tlie settlement of disputes between parties with regard to offices in corporations, such as the office of mayor of a city, and such like.
.That police juries or parishes are political corporations has been repeatedly declared in our State constitutions *187 ¡and so frequently and uniformly recognized in our jurisprudence as to render unnecessary the citation of decisions.
Opinion and decree, November 9th, 1915.
Rehearing granted, November 24th, 1915.
Syllabus.
On Rehearing.
A parish is á political corporation created for the purpose of administering a portion of the State and to which part of • the powers of government is delegated to that effect, and a police juror is an officer of that corporation.
Constitution of 1879, Art. 249; Constitution of 1898, Art. 277; Constitution of 1913; Art. 277; R. C. C., 429.
As the use of the phrase “such like” indicates, the province of the writ'of quo warranto is not confined to contests over offices in incorporated cities alone, but extenas to the determination of the right to office in other political corporations.
Saunders vs. Kohnke, 109 La., 838,
As a police juror is clearly an officer of a political corporation and as the subject-matter here is a contest with respect to that office, relator is afforded through the writ .of quo warranto a remedy more immediate and direct and one as adequate and as speedy as he would secure through the writ which he demands.
It is accordingly ordered that the judgment be annulled and reversed and that the suit of relator be dismissed at his costs in both Courts.
Reversed.
The writ quo warranto provided by the Code of Practice is the proper remedy to settle all disputes relating to officers In political corporations.
The Intrusion into Office Act has not repealed the quo warranio provisions of the Codé of Practice in so far as they apply to officers in political corporations.
Repeals by implication are not favored by law.